UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN RAY KEEL, | CASE NO. 1:05-CV-01298-AWI-LJO |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS DEFENDANTS CDCR, CSP-CORCORAN, AND WOODFORD BE GRANTED |
| v. | |
| CDCR, et al., | |
| Defendants. | (Doc. 23) |

I.  Findings and Recommendations

　　A.  Procedural History

　　This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Glenn Ray Keel ("Plaintiff") alleges that Defendants California Department of Corrections and Rehabilitation (CDCR), California State Prison - Corcoran (CSP-Corcoran), Jeanne S. Woodford, D. Ortiz, Reed, J. Payne, and Brendon violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution. (Doc. 9.) This action is proceeding on Plaintiff's amended complaint, filed November 16, 2005. (Id.)

　　Pending before the Court is Defendants CDCR, CSP-Corcoran, and Woodford's motion to dismiss, filed January 9, 2006, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 23.) Plaintiff filed an opposition in part and statement of non-opposition in part on February 10, 2006. (Doc. 27.)

///

///

B. <u>Legal Standard</u>

A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts to support the claim to entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); <u>see</u> also <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). When addressing a motion to dismiss, a court must accept as true the complaint's allegations in question, <u>Hospital Bld. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843, <u>reh'g</u> <u>denied</u>, 396 U.S. 869, 90 S.Ct. 35 (1969). The rule of liberal construction is "particularly important in civil rights cases." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir.), <u>cert.</u> <u>denied</u>, 506 U.S. 915, 113 S.Ct. 321 (1992); <u>Johnson v. State of Calif.</u>, 207 F.3d 650, 653 (9th Cir. 2000).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Gilligan v. Jamco Development Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997). A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." <u>Balisteri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990); <u>Graehling v. Village of Lombard, Ill.</u>, 58 F.3d 295, 297 (7th Cir. 1995).

C. <u>Defendants' Motion</u>

In his amended complaint, Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights while he was incarcerated at CSP-Corcoran and housed in the Security Housing Unit. Plaintiff's claims arise from an incident in which he was allegedly attacked and injured by another inmate. Plaintiff alleges that the other inmate was released intentionally in order to stage a fight. Plaintiff alleges that Defendants acted with deliberate indifference to a serious threat

to his safety and health by staging the fight and then denying him adequate medical care for his injuries. Plaintiff also alleges a claim for deprivation of a liberty interest with due process of law, stemming from his placement in conditions of confinement which violated Title 15 regulations.

Defendants move to dismiss the claims against them on the grounds that Plaintiff's claims are barred by the Eleventh Amendment and Defendants are not persons within the meaning of section 1983. In his response, Plaintiff concedes that he did not sue Defendant Woodford in her individual capacity and that she should be dismissed, but argues that Defendants CDCR and CSP-Corcoran should not be dismissed because they may be held liable pursuant to California Government Code sections 815.2(a) and 845.6.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant, see Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989), and bars suits for damages against state officials in their officials capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). CDCR, CSP-Corcoran, and Woodford are entitled to Eleventh Amendment immunity from suit and are therefore not "persons" under section 1983. Will, 491 U.S. at 71. Defendants are entitled to dismissal.

Plaintiff's argument that CDCR and CSP-Corcoran are not entitled to dismissal because they may be held liable under California law is not responsive to any argument set forth in Defendants' motion to dismiss. Therefore, the Court declines to address the argument. As previously set forth, Plaintiff's amended complaint alleges claims for violation of the Eighth and Fourteenth Amendments
///

under the United States Constitution, brought pursuant to 42 U.S.C. § 1983. Defendants are immune from suit and are entitled to dismissal.

### D.  Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' CDCR, CSP-Corcoran, and Woodford's motion to dismiss Plaintiff's claims against them, filed January 9, 2006, be GRANTED, with prejudice, and Defendants CDCR, CSP-Corcoran, and Woodford be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 26, 2006**             /s/ Lawrence J. O'Neill
b9ed48                     UNITED STATES MAGISTRATE JUDGE