# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN RAY KEEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-01298-AWI-LJO<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 31) |

I.　Findings and Recommendations

　　A.　Procedural History

　　This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Glenn Ray Keel ("Plaintiff") alleges that Defendants California Department of Corrections and Rehabilitation (CDCR), California State Prison - Corcoran (CSP-Corcoran), Jeanne S. Woodford, D. Ortiz, Reed, J. Payne, and Brendon ("Defendants") violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution. (Doc. 9.) This action is proceeding on Plaintiff's amended complaint, filed November 16, 2005. (Id.)

　　Pending before the Court is Defendants' motion to dismiss based on Plaintiff's failure to exhaust the available administrative remedies, filed May 5, 2006, pursuant to Federal Rule of Civil

///

Procedure 12(b).[1]  (Doc. 31.)  Plaintiff filed an opposition on May 26, 2006, and Defendants filed a reply on June 23, 2006.  (Docs. 32, 27.)

     B.    Exhaustion Motions

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated, Booth v. Churner, 532 U.S. 731, 741 (2001), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

///

///

---

[1] On May 30, 2006, the undersigned issued a Findings and Recommendations recommending that Defendants CDCR, CSP-Corcoran, and Woodford's motion to dismiss for failure to state a claim upon which relief may be granted against them, filed January 9, 2006, be granted.  The Findings and Recommendations is currently pending before the Honorable Anthony W. Ishii.

C.　Discussion

In his amended complaint, Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights while he was incarcerated at CSP-Corcoran and housed in the Security Housing Unit. Plaintiff's claims arise from an incident in which he was allegedly attacked and injured by another inmate on October 25, 2004. Plaintiff alleges that the other inmate was released intentionally in order to stage a fight. Plaintiff alleges that Defendants acted with deliberate indifference to a serious threat to his safety and health by staging the fight and then denying him adequate medical care for his injuries. Plaintiff also alleges a claim for deprivation of a liberty interest with due process of law, stemming from his placement in conditions of confinement which violated Title 15 regulations.

Plaintiff's claims accrued while he was incarcerated at CSP-Corcoran. (Amend. Comp., 2:23-25.) Plaintiff was released from prison on parole on March 17, 2005, and remains on parole to date. (Amend. Comp., 2:27-28 & 6:15; Reply, Aggio Dec., ¶4.) Plaintiff filed this suit on September 22, 2005, following his release on parole. (Court Rec., Doc. 1, Comp.) Defendants argue that because Plaintiff's claims accrued while he was incarcerated, Plaintiff was required to exhaust prior to filing suit and should not be allowed to evade the statutory exhaustion requirement by waiting until his release from prison to file suit. (Doc. 31-2, 4:27-8:3.) Defendants argue that allowing Plaintiff to do so would not further the PLRA's goals and would create "illogical results." (Id., 6:26-7:2.) Plaintiff opposes the motion on the ground that because he was not a prisoner at the time he filed suit, he is not subject to the exhaustion requirement set forth in section 1997e(a). (Doc. 32-1, 4:4-14.)

"It is well settled that, in a statutory construction case, analysis must begin with the language of the statute itself; when the statute is clear, 'judicial inquiry into [its] meaning, in all but the most extraordinary circumstance, is finished.'" U.S. v. Carter, 421 F.3d 909, 911 (9th Cir. 2005) (quoting Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992)). Where the statute is clear, "'the sole function of the court [] is to enforce it according to its terms.'" Siripongs v. Davis, 282 F.3d 785, 758 (9th Cir. 2002) (quoting United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)).

3

1    Section 1997e(a) requires prisoners to exhaust the available administrative remedies prior
2 to filing suit. The section refers to "prisoner[s] confined in any jail, prison, or other correctional
3 facility." Further, section 1997e(h) of the statute defines prisoners as "any person incarcerated or
4 detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,
5 violations of criminal law or the terms and conditions of parole, probation, pretrial release, or
6 diversionary program." The language of both sections is clear: prisoners, defined as persons
7 incarcerated or detained in jail, prison, or other correctional facility, are required to exhaust prior to
8 filing suit. Plaintiff, as a parolee, was not incarcerated or detained in a jail, a prison, or other
9 correctional facility when he filed suit and does not fall within the purview of section 1997e(a).

10    In Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000), the Ninth Circuit held that "only
11 individuals who, *at the time they seek to file their civil actions, are detained* as a result of being
12 accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of
13 42 U.S.C. § 1997e . . . ." Id. at 1140 (emphasis added). Although Page involved a civil detainee
14 under Sexually Violent Predators Act rather than a parolee like Plaintiff, the case is controlling in
15 the Court's opinion. The Court rejects Defendants' attempt to distinguish Page on the basis that it
16 was decided before Booth and that since Booth, some district courts have ruled differently. Booth
17 did not address the definition of "prisoner" under 1997e(a). Rather, Booth addressed the meaning
18 of "administrative remedies . . . available" under section 1997e(a) and held that exhaustion is
19 required "regardless of the relief offered through the administrative procedures." Booth, 532 U.S.
20 at 741. Porter and Woodford v. Ngo, 126 S.Ct. 2378 (2006), also cited to by Defendants, are equally
21 inapt. Porter addressed the meaning of "prison conditions" under section 1997e(a) and held that the
22 section "applies to all inmate suits about prison life, whether they involve general circumstances or
23 particular episodes . . . ," Porter, 534 U.S. at 986, and Woodford addressed whether a prisoner can
24 satisfy section 1997e(a) by filing an untimely or otherwise procedurally defective appeal and held
25 that he cannot, as the section requires "proper exhaustion," which requires compliance with agency
26 deadlines and other procedural rules, Woodford, 126 S.Ct. at 2382-86.

27    While "a few district courts have held that the Supreme Court's decisions in Booth and Porter
28 require former inmates to exhaust administrative remedies before filing suit," Schwartz v.

4

Snohomish County, No. C05-732P, 2006 WL 692024, at *3 (W.D.Wash. Mar. 17, 2006) (citing to Morgan v. Maricopa County, 259 F.Supp.2d 985 (D. Ariz. 2003); Mason v. County of San Mateo, No. C 02-04643 SI, 2005 U.S. Dist. LEXIS 1223 (N.D.Cal. Jan. 26, 2005); Reyes v. State, No. Civ. 05-584-HA, 2005 WL 1459662 (D.Or. Jun. 21, 2005)), "many other district courts have explicitly rejected such arguments, id. (citing to Krittenbank v. Crawford, 313 F.Supp.2d 1043 (D.Nev. 2004); Wilson v. Hampton County, No. 9:05-1777PMD, 2005 WL 2877725 (D.S.C. Oct. 31, 2005); Black v. Franklin County, No. Civ.A. 3:05-18-JMH, 2005 WL 1993445 (E.D. Ky. Aug. 16, 2005); Thomas v. Baca, No. CV 04-008448 DDP, 2005 WL 697986 (C.D.Cal. Mar. 23, 2005); Canady v. Werholtz, No. Civ.A.04-2083-GTV, 2004 WL 1212050 (D.Kan. Jun. 1, 2004)). "More importantly, it appears that every federal court of appeals that has considered this issue has held that the PLRA's exhaustion requirements do not apply to suits brought by former prisoners--a body of case law that includes decisions issued after the Supreme Court's ruling in Porter and Booth." Id. (citing to Nerness v. Johnson, 401 F.3d 874 (8th Cir. 2005); Norton v. City of Marietta, 432 F.3d 1145 (10th Cir. 2005); Ahmed v. Dragovich, 297 F.3d 201 (3rd Cir. 2002)). See also Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004); Cox v. Mayer, 332 F.3d 422, 424-25 (6th Cir. 2003); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002); Greig v. Goord, 169 F.3d 165, 167 (2d Cir. 1999). In the face of the Ninth Circuit's controlling decision in Page and of what is in this Court's opinion clear statutory language, the Court declines Defendants' invitation to follow the district courts venturing down the path of inquiry into the intent of Congress.

D.   Conclusion

Based on the foregoing, the Court finds that because Plaintiff was out of prison on parole at the time he filed suit, he was not a prisoner within the meaning of section 1997e(a) and was not subject section 1997e(a). The Court therefore HEREBY RECOMMENDS that Defendants' motion to dismiss this action based on Plaintiff's failure to exhaust the available administrative remedies, filed May 5, 2006, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 17, 2006**                              **/s/ Lawrence J. O'Neill**
b9ed48                                                      UNITED STATES MAGISTRATE JUDGE