# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN RAY KEEL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-01298-AWI-LJO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, AND DENYING DEFENDANTS' MOTION TO DISMISS (Docs. 31 and 42)<br><br>ORDER REQUIRING DEFENDANTS TO FILE RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT WITHIN THIRTY DAYS (Doc. 9) |

　　　This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Glenn Ray Keel ("Plaintiff") alleges that Defendants D. Ortiz, Reed, J. Payne, and Bendon ("Defendants") violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution. This action is proceeding on Plaintiff's Amended Complaint, filed November 16, 2005.

　　　Defendants' Motion to Dismiss, filed May 5, 2006, was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. On August 18, 2006, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On September 8, 2006, Defendants filed an Objection.

　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de</u> <u>novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Ordinarily , a plaintiff must exhaust available administrative remedies before commencing a civil

rights action under 42 U.S.C. § 1983 concerning prison conditions. See 42 U.S.C. § 1997e(a); Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.2006). Exhaustion is required regarding all suits about prison life, see Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, see Booth v. Churner, 532 U.S. 731, 741 (2001). However, the exhaustion requirement is only applicable to a plaintiff who is a prisoner at the time he files suit. See Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir.2000). At the time Plaintiff filed this action, he was not in custody. Thus, as explained by the Magistrate Judge, the exhaustion requirement was not applicable to him.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed August 18, 2006, is adopted in full;
2. Defendants' motion to dismiss this action based on Plaintiff's failure to exhaust the available administrative remedies, filed May 5, 2006, is DENIED; and
3. Defendants Ortiz, Reed, Payne, and Bendon shall file a response to Plaintiff's Amended Complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:   January 21, 2007**              /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE